Filed 5/24/21  P. v. Russell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092673 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F06951) |
| v. | |
| MAURICE RUSSELL, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Defendant Maurice Russell and codefendants forced the victims into an apartment complex and then attempted to rob them; a codefendant was armed with a firearm in the process.

Defendant was charged with attempted murder (Pen. Code, §§ 664/187, subd. (a), count 1; undesignated statutory references are to the Penal Code); kidnapping (§ 207,

1

subd. (a), count 2); kidnapping for robbery (§ 209, subd. (b)(1), count 3); attempted robbery (§§ 664/211, count 4); and three counts of assault with a semiautomatic firearm (§ 245, subd. (b), counts 5-7). It was further alleged as to the first four counts that a principal was armed with a firearm (§ 12022, subd. (a)(1)), and for the assault counts defendant used a semiautomatic firearm (§ 12022.5, subds. (a), (d)).

On August 3, 2017, defendant pleaded no contest to counts 2 and 4 and admitted one of the allegations he was armed with a firearm in exchange for a stipulated sentence of nine years eight months. On August 25, 2017, the trial court sentenced defendant pursuant to the plea to a term of nine years eight months comprised of the upper term of eight years for count 2, eight months (one-third midterm) for count 4, and one year for the firearm enhancement. The remaining charges were dismissed.

On March 26, 2018, after the Department of Corrections and Rehabilitation wrote to the court asking for clarification on which count defendant's plea to the firearm enhancement applies, defendant reaffirmed his plea in full including to the firearm enhancement as applied to count 2. The court sentenced defendant to the same sentence.

On August 25, 2020, defendant filed a petition for modification of sentence under section 1170.91, subdivision (b). The court denied the motion.

Defendant appealed.

Appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*. Defendant filed a supplemental brief.

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment

of conviction." (*People v. Serrano, supra*, 211 Cal.App.4th at p. 501.) We agree with *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278 (*Cole*), that the *Wende*/*Anders* procedures do not apply to an appeal from an order denying a postconviction petition.

Accordingly, we will dismiss the appeal.

We disagree with language in *Cole* suggesting that an appellate court "is required to evaluate any arguments" that a defendant makes in a supplemental brief after counsel has filed a *Wende* brief. (*Cole, supra*, 52 Cal.App.5th at p. 1040 [citing *People v. Kelly* (2006) 40 Cal.4th 106, 120, 124].) We do not read *Kelly* as standing for such a proposition, as the case dealt solely with standard *Wende* review on direct appeal, and contains no discussion about the propriety of dismissing an appeal where there is no right to *Wende* review.

In any event, that language in *Cole* is dictum. Defendant in that case did not file a supplemental brief (*Cole, supra*, 52 Cal.App.5th at p. 1040) so the discussion was not necessary to the decision. (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 ["An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided' "]; *Serrano v. Aerotek, Inc.* (2018) 21 Cal.App.5th 773, 784 [concluding a decision of another District Court of Appeal was "not authority for the proposition" a party cited it for, as that portion of the decision was "undoubtedly dictum," because it was a statement of a principle that was not necessary to the decision].)

DISPOSITION

The appeal is dismissed.

                                                             _____

                                                             HULL, J.

I concur:

_____

BLEASE, Acting P. J.

ROBIE, J.

I respectfully dissent. Whether the protections afforded by *People v. Wende* (1979) 25 Cal.3d 436 and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postconviction petition is an open question. Our Supreme Court has not spoken on that issue, although the issue is currently pending before it. (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305.) In *Figueras*, we described the *Anders/Wende* procedure we believed applicable to appeals from Penal Code section 1170.95[1] petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*People v. Figueras* (2021) 61 Cal.App.5th 108, 112-113.)

Here, petitioner filed a supplemental brief arguing his plea was not knowingly and voluntarily entered because he was not informed that when imposing sentence the trial court could consider his mental health condition stemming from his military service as a mitigating factor and could exercise its discretion to strike his gun enhancement. He also argues equal protection mandates the trial court's ability to strike gun enhancements imposed pursuant to Penal Code sections 12022.5 and 12022.53 be extended to gun enhancements imposed pursuant to Penal Code section 12022, subdivision (a). I would address these claims if only to inform petitioner they are outside the parameters of our

---

[1] Penal Code section 1170.91, subdivision (b), at issue here, is a similar postconviction procedure to Penal Code section 1170.95, although dealing with the mitigation value of mental health problems stemming from military service.

1

review of the trial court's order because neither of petitioner's challenges could have been addressed through a Penal Code section 1170.91 petition. (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436 ["[o]ur jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from"]; Cal. Rules of Court, rule 8.304(a)(4).) To the extent petitioner wishes to properly present these claims to this court, he is encouraged to file a petition for writ of habeas corpus. Accordingly, the trial court's order should be affirmed.


/s/
Robie, J.